United States District Court
Southern District of Texas

**ENTERED**

November 12, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

JULIO OSORIO, §
§
Petitioner, §
§
VS. § CIVIL ACTION NO. 5:19-CV-154
§ CRIMINAL ACTION NO. 5:16-CR-946-3
UNITED STATES OF AMERICA, §
§
Respondent. §

## ORDER

The United States Magistrate Judge has issued a Report and Recommendation
(the "Report") (Civ. Dkt. No. 28), which recommends (1) denying Petitioner's motion
to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (2) dismissing this
§ 2255 proceeding without a certificate of appealability, and (3) denying Petitioner's
motion for appointment of counsel. Petitioner then filed objections (Civ. Dkt. No. 35).
Having considered the record, arguments, and applicable authorities *de novo*, the
Court agrees that Petitioner's motions (Civ. Dkt. Nos. 1, 24) and a certificate of
appealability should be **DENIED**. However, given an error in the Magistrate Judge's
Report and the need to make additional findings, the Magistrate Judge's Report is
hereby **ADOPTED IN PART**.

## BACKGROUND

On September 8, 2016, Petitioner pled guilty to conspiring to kidnap eight
undocumented individuals (Cr. Dkt. Nos. 81, 101, 104). His presentence investigation
report noted that, during the course of the conspiracy, Petitioner and his co-
conspirators stripped the individuals of their clothing, bound them with duct tape,

beat them, and extorted their families (Cr. Dkt. No. 125 at 5–13). In so doing, Petitioner and his co-conspirators identified themselves as members of a drug cartel and threatened to bathe the victims in acid or behead them if their families did not pay additional money (*id.*). At sentencing, the Court cited U.S.S.G. § 2A4.1(b)(1), which governs ransom demands, and increased Petitioner's total offense level by six points (Cr. Dkt. No. 125 at 15; Cr. Dkt. No. 171; Cr. Dkt. No. 204 at 5, 23–24). On appeal, Jose Salvador Tellez, II—Petitioner's trial counsel—filed two *Anders* briefs, to which Petitioner filed two responses. *See United States v. Osorio*, 742 F. App'x 48, 48–49 (5th Cir. 2018). After reviewing the briefs, the Fifth Circuit concluded that no nonfrivolous issue existed for appellate review and granted Tellez leave to withdraw. *Id.* at 49 The Fifth Circuit also declined to evaluate the ineffective assistance of counsel claims raised in Petitioner's response briefs. *Id.* at 48.

After Petitioner's conviction became final, Petitioner filed this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Civ. Dkt. No. 1). The motion argues Tellez rendered ineffective assistance for two reasons: (1) Tellez failed to read two paragraphs of a plea agreement to Petitioner, which led Petitioner to enter his guilty plea unknowingly and involuntarily, and (2) Tellez failed to argue that the Court's "ransom enhancement" under § 2A4.1(b)(1) constituted impermissible "double counting" (Civ. Dkt. No. 1-1). After Tellez filed a sworn affidavit contesting Petitioner's motion, the Government filed a response, and Petitioner filed a reply (Civ. Dkt. Nos. 8, 12, 27). Petitioner also filed a motion seeking appointment of counsel (Civ. Dkt. No. 24). Pursuant to 28 U.S.C. § 636, the Magistrate Judge entered a Report assessing the motions' merits, to which Petitioner

filed objections (Civ. Dkt. Nos. 28, 35).

## LEGAL STANDARD

A party who files timely objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district court need not consider frivolous, conclusory, or general objections. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

## DISCUSSION

### A. Ground One: Counsel's Failure to Read Two Paragraphs in a Plea Agreement

Petitioner avers he entered into a plea agreement unknowingly and involuntarily (Civ. Dkt. No. 1-1 at 1). Because Petitioner was blind in one eye, he relied on Tellez to read aloud every paragraph in the Government's proffered plea agreement (*id.* at 2). Allegedly, Tellez failed to read paragraphs 5 and 6, which explained that if the Government asked Petitioner to "fully cooperate," he would do so, and if such cooperation amounted to "substantial assistance," the Government may move for a sentence reduction under U.S.S.G. § 5K1.1 (Cr. Dkt. No. 99 at 2–4). According to Petitioner, Tellez did not read these two paragraphs aloud, and had Tellez done so, Petitioner would have rejected the plea agreement and proceeded to trial, unless the Government agreed to remove these paragraphs (Civ. Dkt. No. 1-1

at 4–5).

The Magistrate Judge's Report rejected Petitioner's argument (Civ. Dkt. No. 28 at 7–8). In so doing, the Report concluded that Tellez did not render constitutionally deficient performance, and even if Tellez's performance was constitutionally deficient, Petitioner had not shown that he was prejudiced by the performance (*id.*). The Court agrees.

The Report is correct that Tellez did not render constitutionally deficient performance (*id.*). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The record shows Tellez met with Petitioner on at least five occasions, during which Tellez discussed the advantages of pleading guilty versus going to trial and explained that the plea agreement had standard, boilerplate language (Civ. Dkt. No. 8 at 2–4). The record also shows that Petitioner was able to raise his concerns about cooperation with Tellez, and in response, Tellez explained that the language in paragraphs 5 and 6 was in every plea agreement "to make sure the Government is able to hide the cases where there is actual cooperation" (*id.* at 2–3). In other words, the Government always included this language to make it difficult to determine who actually cooperated with the Government and who did not.

Moreover, prior to Petitioner's change of plea hearing, Tellez spent more than an hour reviewing and reading the plea agreement to Petitioner (*id.* at 3–4). Nevertheless, Petitioner signed the plea agreement and stated, under oath, that he was "comfortable" pleading guilty, had the opportunity to "ask any questions" that he

wanted, and was "satisfied" with Tellez's legal services (Cr. Dkt. No. 202 at 9–10). *See also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (holding a defendant's testimony at a change of plea hearing carries a strong presumption of verity). Further, when asked whether Petitioner had any questions about the plea agreement, Petitioner replied in the negative (Cr. Dkt. No. 202 at 35).

On this record, the Court cannot conclude that Tellez's "failure" to read paragraphs 5 and 6 aloud, word-for-word, fell below an objectively reasonable standard. To the contrary, the record shows Tellez expended great efforts to advise his client. Petitioner had ample opportunity to raise his concerns about cooperating with the Government, and he actually raised the concerns with Tellez, who addressed them. *See Schwander v. Blackburn*, 750 F.2d 494, 499 (5th Cir. 1985) (meeting with defendant once, for 15 minutes, before trial was not constitutionally deficient because defendant had one and a half days during trial to confer with counsel); *Kroma v. United States*, Nos. 4:18-cv-823, 4:14-cr-165, 2021 WL 2229733 at *4 (E.D. Tex. Mar. 2, 2021) (meeting with counsel 2 to 3 times to review evidence, discuss strength of the evidence, and discuss pleading guilty versus going to trial was not constitutionally deficient). Because Petitioner has not shown Tellez's representation amounted to ineffective assistance, Petitioner is not entitled to habeas relief on this ground. *See Strickland*, 466 U.S. at 700.

The Court also agrees with the Report that Petitioner has not established prejudice (Civ. Dkt. No. 28 at 8). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Put another way, the petitioner must demonstrate that his or her sentence would have been different if his or her counsel had not erred. *See United States v. Grammas*, 376 F.3d 433, 437–38 (5th Cir. 2004); *United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000) (finding prejudice where defendant was sentenced based on guideline range of 70 to 87 months, rather than 57 to 71 months).

Here, Petitioner has not affirmatively proven prejudice. Petitioner admits that he would have entered into the plea agreement had paragraphs 5 and 6 been removed (Civ. Dkt. No. 1-1 at 2). The record shows the Government neither asked for Petitioner's cooperation, nor did the Government move for a reduction for substantial assistance. Therefore, functionally speaking, paragraphs 5 and 6 were never invoked, and Petitioner's guideline range would have been the same whether or not paragraphs 5 and 6 were included. Because Petitioner has not shown the exclusion of these paragraphs would have created a reasonable probability of a lower guideline range or lower sentence, Petitioner has not shown prejudice. *Strickland*, 466 U.S. at 700; *Franks*, 230 F.3d at 815.

Further, it is worth noting that Petitioner was sentenced at the low end of his guideline range (Cr. Dkt. No. 204 at 61). At sentencing, the Court determined Petitioner had a criminal history category of II and a total offense level of 39 (*id.* at 7). Under the 2016 Sentencing Guidelines, Petitioner's recommended imprisonment term was between 292 months and 365 months (*id.*).[1] The Court then sentenced

---

[1] Because Petitioner was sentenced on May 2, 2017, the 2016 Sentencing Guidelines were in effect (Cr. Dkt. No. 204). On November 1, 2018, courts began enforcing the 2018 Sentencing Guidelines—the most current version.

Petitioner to a term of imprisonment of 292 months (Cr. Dkt. No. 170). Petitioner does not explain how excluding two paragraphs would have created a reasonable probability of a departure below the guideline range. In fact, at sentencing, the Court stressed that Petitioner and his co-conspirators' conduct were "unusually heinous" and emphasized that, had Petitioner not received a three-level reduction for accepting responsibility, he could have faced a life sentence (Cr. Dkt. No. 204 at 6, 11, 36). This further underscores the Court's ultimate conclusion: Petitioner has not carried his burden of showing prejudice. *See Franks*, 230 F.3d at 815.

In his objections, Petitioner argues the Report misrepresents this matter's procedural history (Civ. Dkt. No. 35 at 2). The Court agrees. The Report states, "The Fifth Circuit has already held that [Petitioner's] plea of guilty was made 'knowingly and voluntarily'" (Civ. Dkt. No. 28 at 8). But the Fifth Circuit made no such holding. *See Osorio*, 742 F. App'x at 48–49. To support this statement, the Report cites to Tellez's *Anders* brief, not the Fifth Circuit's opinion (*compare* Civ. Dkt. No. 28 at 8, *with* Civ. Dkt. No. 12-1 at 14). Because Petitioner is correct, this objection is **SUSTAINED**. The remainder of Petitioner's objections, however, generally regurgitate the arguments raised in Petitioner's motion—that is, Tellez was obligated to read paragraphs 5 and 6 word-for-word to Petitioner and Petitioner was prejudiced (Civ. Dkt. No. 35 at 2). Because the Court need not consider general or conclusory objections, these objections are **OVERRULED**. *See Nettles*, 677 F.2d at 410 n.8.

Even though the Report misstates the Fifth Circuit's holding, this error does not disturb the Court's ultimate conclusion: Tellez's purported "failure" to read paragraphs 5 and 6 aloud to Petitioner is not a basis for postconviction relief.

### B. Ground Two: Counsel's Purported Failure to Object to an Enhancement Under U.S.S.G. § 2A4.1(b)(1)

Similarly, the Court concludes the motion's second argument is not a basis for habeas relief. This argument proceeds as follows: Petitioner's underlying conviction is for conspiracy to kidnap, and to convict Petitioner of this offense, the Government had to prove that Petitioner held an individual "for ransom or reward" (Cr. Dkt. No. 170). *See* 18 U.S.C. § 1201(a). When the Court applied a six-level enhancement under U.S.S.G. § 2A4.1(b)(1) for "a ransom demand or a demand upon government," the Court impermissibly "double counted" the ransom aspect of Petitioner's offense (Civ. Dkt. No. 1 at 5). Tellez's purported failure to "investigate and object" to this enhancement on the basis of double counting amounted to ineffective assistance (*id.*).

This argument fails for two reasons. First, as the Report correctly notes, a district court's technical application of the Sentencing Guidelines cannot be raised in a proceeding under 28 U.S.C. § 2255 (Civ. Dkt. No. 28 at 10 n.5). *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). To the extent Petitioner challenges the Court's technical application of § 2A4.1(b)(1), such a challenge is not cognizable in this proceeding. *See United States v. Ibarra-Zelaya*, Nos. 4:04-cr-150-2, 4:07-cv-1251, 2007 WL 2871009, at *3 (S.D. Tex. Sept. 27, 2007) (concluding a challenge to a § 24A1.1(b)(1) enhancement should have been brought on direct appeal, rather than a § 2255 proceeding).

Second, Petitioner's double-counting argument has previously been rejected by the Fifth Circuit. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 403 n.4 (5th Cir. 2014). Had Tellez raised this argument, it would have been frivolous. Counsel cannot be ineffective for failure to raise a frivolous argument. *See Green v. Johnson*,

160 F.3d 1029, 1037 (5th Cir. 1998); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 323 (1981) ("It is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals.").

In his objections, Petitioner argues that *United States v. Kings*, 981 F.2d 790 (5th Cir. 1993) prohibits the double counting that occurred (Civ. Dkt. No. 35 at 4). But *Kings* is inapplicable. In *Kings*, the defendant raised two double-counting challenges. 981 F.2d at 792–95. The first challenge concerned an enhancement under U.S.S.G. § 2A2.4. *Id.* at 792–93. According to defendant, his total offense level for assaulting a federal officer could not be increased under § 2A2.4, which governs obstructing and impeding officers. *Id.* at 792–93. The Fifth Circuit rejected this argument and permitted the sentencing enhancement. *Id.* at 793. Accordingly, the first double-counting issue in *Kings* undermines Petitioner's argument.

As for the second double counting challenge, the defendant argued the court erred when it (1) considered pre-Guidelines conduct as "relevant conduct" under U.S.S.G. § 1B1.3 and (2) imposed a sentence that ran consecutively from one imposed for that same pre-Guidelines conduct. *Id.* at 792–93. The Fifth Circuit's holding on this issue has no bearing on Petitioner. Petitioner's offense was committed on or around July 5, 2016—nearly 30 years after the Sentencing Guidelines took effect on November 1, 1987 (Cr. Dkt. No. 101). Therefore, no pre-Guideline or post-Guideline issue is present. Further, the Court did not convict Petitioner of multiple offenses, nor are there any other federal or state convictions at issue. Petitioner's objections based on *Kings* are therefore **OVERRULED**. Petitioner is not entitled to postconviction relief on this ground.

### C. Certificate of Appealability

The Report recommends that a certificate of appealability be denied (Civ. Dkt. No. 28 at 11–12). The Court agrees. After a final order is issued in a § 2255 proceeding, an appeal may not be taken to the court of appeals unless a "circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). District courts can *sua sponte* grant or deny a certificate of appealability before a notice of appeal is filed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if a petitioner has made a substantial showing of a constitutional violation. *Id.* § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). If a district court rejects a constitutional claim on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds, a certificate of appealability may only issue when jurists of reason could debate both the procedural ruling and the underlying substantive claims. *Id.*

Here, jurists of reason would not find it debatable that Petitioner's § 2255 motion should be denied on either substantive or procedural grounds, nor could they find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003). Accordingly, a certificate of appealability is **DENIED**.

### D. Petitioner's Motion for Appointment of Counsel

Finally, Petitioner's motion for appointment of counsel asks that the Court appoint representation for Petitioner's reply brief (Civ. Dkt. No. 24). Because Petitioner has already filed a reply brief, this motion is **DENIED AS MOOT**.

## CONCLUSION

Upon consideration, the Magistrate Judge's Report (Civ. Dkt. No 28) is hereby **ADOPTED IN PART**, insofar that it is consistent with this Order. Petitioner's motion under 28 U.S.C. § 2255 (Civ. Dkt. No. 1) is **DENIED** and a certificate of appealability is also **DENIED**. Petitioner's motion for appointment of counsel (Civ. Dkt. No. 24) is **DENIED AS MOOT**. The Court will enter a final judgment under separate cover.

It is so **ORDERED**.

**SIGNED** November 12, 2021.

Marina Garcia Marmolejo
United States District Judge